UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NERON DOZIER,

                    Plaintiff,

    - v -                                                     9:05-CV-0127
                                                                       (NAM/RFT)

SGT. C.O. CHAPMAN; *et al.*,

                    Defendants.
_____

**APPEARANCES:**                                        **OF COUNSEL:**

NERON DOZIER
01-A-3845
Plaintiff, *pro se*
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ANDREW CUOMO                        MARIA MORAN, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants Chapman and Miller
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

# ORDER

      Presently before the Court is a Motion to Compel Discovery filed by Defendants Chapman and Miller pursuant to FED. R. CIV. P. 37. Dkt. No. 19, Mot. to Compel. This Motion relates to Interrogatories and a Request for Production of Documents that were served on Plaintiff on May 22, 2006. *Id.*, Maria Moran, Esq., Aff., dated July 20, 2006. Plaintiff opposes the Motion and has filed a letter in support of his Opposition. Dkt. Nos. 20, Pl.'s Aff. in Opp'n, dated Aug. 17, 2006, & 23, Pl.'s Lt.-Resp., dated Nov. 2, 2006.

By their Motion, Defendants seek an order from this Court directing Plaintiff to respond to Defendants' May 22, 2006 Discovery Demands and to execute a medical authorization that would permit Defendants to access Plaintiff's medical records. Mot. to Compel, Moran Aff. at ¶ 8 & Ex. A. Defendants assert they submitted their Discovery Demands along with copies of medical authorizations to Plaintiff on May 22, 2006, but had not received a response from the Plaintiff as of the date of the Motion. *Id.* at ¶¶ 3 & 6. Defendants acknowledge they received a letter from Plaintiff on June 8, 2006, requesting an extension of the time to submit his response, to which they replied with no objection. *Id.* at ¶ 4; Mot. to Compel, Ex. B, Pl.'s Lt., dated June 6, 2006, & Ex. C, Defs.' Lt., dated June 19, 2006. In their reply to Plaintiff's letter, Defendants advised that Plaintiff was required to seek the permission of the Court to file his response to their Discovery Demands after the discovery deadline and warned Plaintiff that his failure to respond by the deadline would result in the filing of a motion to compel and/or preclude with the Court. Mot. to Compel, Ex. C., Defs.' Lt.

In his Affidavit in Opposition to Defendants' Motion, Plaintiff contends that by written communication dated July 26, 2006, he "informed the Defendants . . . [of] why he had not complied with their Discovery Demands, as well as when he would so comply." Dkt. No. 20, Pl.'s Aff. in Opp'n at ¶ 5 & Ex. C. Plaintiff further asserts that he, "in the interim, complied [with the Discovery Demands] and sent to the Defendants the Medical Authorizations." Pl.'s Aff. in Opp'n at ¶¶ 5-6, Pl's Resp., filed Aug. 21, 2006, & Ex. D.

In a Letter-Motion dated October 24, 2006, Defendants claimed that Plaintiff did not fully comply with Defendants' Discovery Demands in that he failed to answer Interrogatories 4 and 5. Dkt. No. 21, Defs.' Lt.-Mot., dated Oct. 24, 2006. Thereafter, on November 7, 2006, Plaintiff filed

a Letter-Response, stating that he had responded to Interrogatories 4 and 5, and provided the Court with a copy of those responses. Dkt. No. 23, Pl.'s Lt.-Resp. Plaintiff further stated that his failure to answer Interrogatories 4 and 5 in the first instance was an oversight on his part.[1] *Id.*

Since November 7, 2006, Defendants have not indicated to the Court that they believe Plaintiff's responses fail to fully comply with and/or respond to their May 22, 2006 Discovery Requests. Furthermore, although Plaintiff did not meet the June 30, 2006 discovery deadline set forth in the Pretrial Scheduling Order (Dkt. No. 16) in responding to Defendants' Discovery Demands, the Court finds that he made a good faith effort to communicate with Defendants and to comply with and respond to their Discovery Demands in a reasonable period of time. Contrary to Defendants' contention, the Court further finds that Plaintiff did in fact comply with and respond to Defendants' May 22, 2006 Interrogatories and Request for Production of Documents. *Keesh v. Smith*, 2006 WL 2711650, at *4 (Sept. 21, 2006). Finally, there is nothing to indicate to the Court that Defendants were prejudiced in any way by Plaintiff's delay in answering their Discovery Demands.

Therefore, in light of Plaintiff's response to the Defendants' Demands and the Court's review of same, Defendants' Motion to Compel is **denied**.

After reviewing the Docket, the Court notes that the Summons issued for Defendant Powell was returned unexecuted on August 10, 2005, with an explanation that this person "is not recognized through [the Department of Correctional Services'] personnel office as a current or former employee. Dkt. No. 9. Furthermore, it does not appear that Plaintiff has made any attempts

---

[1] In his Letter-Response, Plaintiff contends that between the time he responded to Defendants' Interrogatories and Request for Production of Documents on August 9, 2006 and the time Defendants filed their Letter-Motion on October 24, 2006, he was not aware and had not been notified by the Defendants that he had failed to respond to and/or fully comply with their Discovery Demands. Dkt. No. 23, Pl.'s Lt.-Resp.

to identify the various John and Jane Doe Defendants named in his Complaint.  As the Marshals Service cannot serve an unidentified person, the Summonses issued for these Defendants have also gone unserved.  Under FED. R. CIV. P. 4(c)(1), the plaintiff is responsible for service of the summons and complaint for each defendant within a specified time period.  Specifically, the plaintiff must effectuate service of process within 120 days of the filing of the complaint.  FED. R. CIV. P. 4(m).[2]  Failure to properly serve any defendant in accordance with the Federal Rules will result in the court, upon motion or on its own initiative, to dismiss the case without prejudice as to that defendant.  *Id*.  Thus, **Plaintiff shall within forty-five (45) days of the filing date of this Order submit an affidavit to the Court**.  Such affidavit shall 1) detail his efforts to identify the Jane and John Doe Defendants; 2) state whether he intends to pursue his action against Defendant Powell; and 3) establish good cause for his failure to properly serve these Defendants.  Plaintiff is warned that he must show good cause for his failure to timely effectuate service of process.  Failure to do so will result in this Court recommending dismissal of the various unserved Defendants.

**WHEREFORE**, based upon the forgoing; it is hereby

**ORDERED**, that Defendants' Motion to Compel (Dkt. No. 19) is **DENIED**; and it is further

**ORDERED**, that the dispositive motion filing deadline set forth in the Pretrial Scheduling Order (Dkt. No. 16) is re-set for **March 30, 2007**; and it is further

**ORDERED**, that **within forty-five (45) days of the filing date of this Order**, Plaintiff shall submit an affidavit to the Court detailing his efforts to identify the Jane and John Doe Defendants, stating whether he intends to pursue his action against Defendant Powell and the Doe

---

[2] Under the Local Rules for the Northern District of New York, a plaintiff must effectuate service within sixty (60) days.  N.D.N.Y.L.R. 4.1(b).

Defendants, and establishing good cause for his failure to properly serve these Defendants. Plaintiff's failure to submit this affidavit and show good cause for his failure to serve these Defendants within the time allotted by Rule 4 will result in this Court recommending dismissal of the various unserved Defendants; and it is further

    **ORDERED**, that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Date:  January 22, 2007
          Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge