**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

NERON DOZIER,

                              Plaintiff,

  - v -                                                   9:05-CV-0127
                                                                      (NAM)(RFT)

SGT. C.O. CHAPMAN; *et al.*,

                              Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| NERON DOZIER<br>Plaintiff, *pro se*<br>01-A-3845<br>Southport Correctional Facility<br>P.O. Box 2000<br>Pine City, New York 14871 | |
| HON. ANDREW M. CUOMO<br>Attorney General of the State of New York<br>Attorney for Defendants<br>615 Erie Boulevard West<br>Suite 102<br>Syracuse, New York 13204 | MARIA MORAN, ESQ.<br>Assistant Attorney General |

RANDOLPH F. TREECE
U.S. MAGISTRATE JUDGE

**ORDER**

      Presently before the Court is Plaintiff's Affidavit filed in compliance with this Court's January 22, 2007 Order. Dkt. No. 26. Defendants have requested a stay of the dispositive motion filing deadline pending the Court's determination on Plaintiff's Affidavit. Dkt. No. 27.

**I.    Background.**

      This action was filed on February 1, 2005. Dkt. No. 1, Compl. In the Complaint, Plaintiff complains of events that occurred in 2002 while Plaintiff was incarcerated at Upstate Correctional

Facility. The Summons issued for Nurse Powell was returned unexecuted with a form letter from Mary Brower stating that "C.O." Powell "is not recognized through our personnel office as a current or former employee."[1] Dkt. No. 9. There were no further attempts to serve Nurse Powell. The February 16, 2005 Order from this Court advised Plaintiff that he needed to identify the Doe Defendants and the consequences of failing to do so. *See* Dkt. No. 4. Defendants filed their Answer on October 13, 2005, Dkt. No. 15, and a Scheduling Order was issued on December 14, 2005, Dkt. No. 16. All deadlines have lapsed. The dispositive motion filing deadline was previously extended by request of the Defendants, and another such request is pending before the Court.[2] Dkt. Nos. 21 & 27.

**II.     Plaintiff's Affidavit.**

The January Order directed Plaintiff to file an Affidavit 1) detailing his efforts to identify the Jane and John Doe Defendants, 2) stating whether he intends to pursue his action against Defendant Powell, and, 3) establishing good cause for his failure to ensure proper service upon these Defendants. *See* Dkt. No. 24.

In his Affidavit, Plaintiff states that he attempted to ascertain the identities of the Jane and John Doe Defendants through the Freedom of Information Law, but was unsuccessful. Dkt. No. 26 at ¶¶ 3-9. Plaintiff states that it took considerable time for anyone to answer his FOIL requests only to learn that such avenue was an incorrect one to pursue. *Id*. at ¶ 11. Instead, Plaintiff asserts he now understands that the identities of the Jane and John Doe Defendants should have been pursued through discovery vehicles such as interrogatories and begs the Court's forgiveness of his ignorance. Plaintiff further

---

[1] The USM-285 Form that Plaintiff provided clearly identified Powell as a Registered Nurse (RN). *See* Dkt. No. 9. It is not clear from the documents in the Court's docket whether the correspondence from the Marshal's office identified Powell as a "C.O.," or if that was an error by Ms. Brower.

[2] The current request to extend the dispositive motion filing deadline was timely filed prior to the expiration of such deadline. *See* Dkt. No. 27, filed on Mar. 27, 2007.

states that he believes the person identified in his Complaint as "Nurse Powell" is in fact "Nurse Powers." *Id*. at ¶¶ 18-20.  Plaintiff's misconception arose when he filed a grievance against "Nurse Powell" and, in response to the grievance, the Inmate Grievance Resolution Committee referred to the individual as "Nurse P." *Id*. at ¶ 18, Exs. I & J.  The response led Plaintiff to believe that he had the correct name.  Now, armed with the knowledge that the true identity of the registered nurse in question is "Nurse Powers," Plaintiff asks for permission for service upon Ms. Powers to be effectuated by the Marshals.  Plaintiff further requests that the Court re-open discovery in this action so that he may serve "one set of interrogatories on the Defendants, so [he] can ask them the names of the John and Jane Doe Defendants, and so [he] can attempt to ascertain the correct name of the Nurse [he] believed was named Powell."  *Id*. at ¶ 14.  Moreover, Plaintiff "would like to ask the Defendants some questions in an attempt to gain additional information that [he] believe[s] will help [him] in the preparation and prosecution of [his] lawsuit."  *Id*.  As an alternative proposition, Plaintiff asks that in the event the Court declines to extend his time to serve the Doe Defendants, then the non-dispositive motion filing deadline be extended so that he may amend his Complaint once he obtains the identities of the Doe Defendants and verifies the actual name of Nurse P.  *Id*. at ¶ 16.

In reviewing the Docket Report, this Court further notes that in addition to the failure to serve the Doe Defendants and Nurse Powell/Powers, service remains outstanding as to the Superintendent of Upstate Correctional Facility.

In response to Plaintiff's Affidavit, Defendants filed a letter asking that the dispositive motion deadline be stayed pending the Court's review of Plaintiff's Affidavit.  Dkt. No. 27.  Defendants did not address the substantive issues relative to Plaintiff's Affidavit nor the requests contained therein. *Id.*

**III.    Discussion.**

It is well settled that the district court has "considerable discretion to extend deadlines contained in pretrial orders." *Elliot Assoc., L.P. v. Peru*, 1997 WL 436493, at *3 (S.D.N.Y. 1997) (citing *Robinson v. T.J. Maxx, Inc.*, 148 F.R.D. 490, 492 (N.D.N.Y. 1993)).  However, in light of the passage of time, and the alleged dates of the original incidents, this Court must consider whether permitting Plaintiff the additional time to identify the Defendants, amend the Complaint, and serve the "new" Defendants would permit Plaintiff to proceed on his claims.  Clearly, in order to proceed with his claims against the Doe Defendants, Nurse Powell/Powers, and the Superintendent of Upstate Correctional Facility, Plaintiff would have to file a Motion to Amend the Complaint.  Thus, the Court will first consider whether Plaintiff would be entitled to file an amended Complaint if the Court granted the relief he seeks.

A motion to amend a pleading is governed by Rule 15 of the Federal Rules of Civil Procedure.  Rule 15(a) states that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).  The Supreme Court has stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be "freely given."

*Foman v. Davis*, 371 U.S. at 182.

In the case of proposed amendments where new defendants are to be added, the Court must also look to Rule 21 of the Federal Rules of Civil Procedure.  *United States v. Chilstead Building Co.*, No. 96-CV-0641 (N.D.N.Y. Nov. 7, 1997) (McAvoy, C.J.) (citations omitted).  Rule 21 states that a party may be added to an action "at any stage of the action and on such terms as are just."  Rule 21 is

"intended to permit the bringing in of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable." *United States v. Commercial Bank of North Am.*, 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (internal quotations omitted). Addition of parties under Rule 21 is guided by the same liberal standard as a motion to amend under Rule 15. *Momentum Luggage and Leisure Bags v. Jansport, Inc.*, 2001 WL 58000, at *1-2 (S.D.N.Y. Jan. 23, 2001) (collecting cases).

Where it appears that granting leave to amend would be "unproductive" or futile, a court does not abuse its discretion in denying leave. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citing *Foman v. Davis*, 371 U.S. at 182). If there is no merit to the proposed amendments, leave to amend should be denied. *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990). "If the statute of limitations has run and relation-back under Rule 15(c)(3) is unavailable, the Court may deem the replacement of a Jane Doe with a named defendant futile." *Godlewska v. HDA*, 2006 WL 1422410, at *2 (E.D.N.Y. May 18, 2006) (citing *Johnson v. Abate*, 1999 WL 1215560, at *3 (E.D.N.Y. Dec 2, 1999) (other citation omitted)).

The allegations in the Complaint[3] relate to conduct that occurred between February 4, 2002 and September 18, 2002, while Plaintiff was incarcerated at Upstate Correctional Facility. The "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995). Therefore, as to these claims, the statute of limitations expired no later than September 18, 2005. Thus, Plaintiff would be permitted to amend his Complaint only if he can establish that the amendments relate back to his original Complaint.

---

[3] The Complaint is dated January 10, 2005, and was filed with the Court on February 1, 2005.

> Rule 15(c) of the Federal Rules of Civil Procedure provides that:
>
> **(c) Relation Back of Amendments**. An amendment of a pleading relates back to the date of the original pleading when
>> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the forgoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) know or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED. R. CIV. P. 15(c).

Thus, once the statute of limitations has run, a plaintiff may still add new defendants through the relation back doctrine by establishing three things: "[1] both complaints must arise out of the same conduct, transaction, or occurrence; [2] the additional defendants must have been omitted from the original complaint by mistake; and [3] the additional defendants must not be prejudiced by the delay." *Vineyard v. County of Nassau*, 329 F. Supp. 2d 364, 368 (E.D.N.Y. July 7, 2004); *see also* FED. R. CIV. P. 15(c).

The claims against the Doe Defendants, Nurse Powell/Powers, and the Superintendent of Upstate Correctional Facility were included in Plaintiff's Complaint at the time it was originally filed. "Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Vineyard v. County of Nassau*, 329 F. Supp. 2d at 368 (*citing Barrow v. Wethersfield Police Dep't*, 66 F.3d 466 (2d Cir. 1995), *modified* 74 F.3d 1366, 1367 (2d Cir. 1996)). A proposed amendment to

substitute a named party for a John Doe is not the result of a mistake, but rather the result of ignorance of the identity and therefore does not relate back to original complaint. *See Sepulveda v. City of New York*, 2003 WL 22052870, at *2 (S.D.N.Y. Sept. 2, 2003); *Tapia-Ortiz v. Doe,* 171 F.3d 150, 152 (2d Cir. 1999) (an amended complaint adding new defendants cannot relate back to the original complaint if the newly-added defendants were not named because plaintiff did not know their identities).

Clearly, Plaintiff has known since this action was filed that he needed to identify the individuals he listed in his Complaint as Doe Defendants. In fact, according to the Affidavit he submitted to the Court, he was aware of that obligation prior to filing this action. *See* Dkt. No. 26 at ¶ 3. Accordingly, this Court cannot find that mistake played a role in Plaintiff's failure to name the Doe Defendants and denies his request to re-open discovery to allow for interrogatories to be served.

However, with respect to Nurse Powell/Powers and the Superintendent of Upstate Correctional Facility, the Court believes there was a mistake with respect to their identities and Plaintiff may likely be able to satisfy the requirements of Rule 15(c). We further find that the identities of these individuals are easily discernible.[4] So that this case will not endure further delay by time-consuming discovery, the Defendants are directed to disclose Nurse Powell/Powers' and the Superintendent's identities and business addresses to Plaintiff. These identities/addresses shall be furnished to Plaintiff and filed with the Court within ten (10) days of the filing date of this Order. Because Defendants did not respond to the relief sought in Plaintiff's Affidavit, we find that they failed to preserve their right to oppose Plaintiff's desire to amend his Complaint to add the new Defendants. Thus, Plaintiff, within thirty (30) days of his receipt of the identity information from Defendants, shall file an Amended Complaint that

---

[4] Nurse Powell/Powers was involved in the grievance procedure and therefore the Department of Corrections should have no trouble identifying the individual. Similarly, the Department should have no difficulty identifying for Plaintiff who the Superintendent of Upstate Correctional Facility was during the relevant dates in the Complaint.

reflects the true identities of Nurse Powell/Powers and the Superintendent of Upstate Correctional Facility. Plaintiff's request for other discovery with regard to the Defendants who have appeared in this action is **denied**.

**WHEREFORE**, based upon the above, it is hereby

**ORDERED**, that Plaintiff's request to re-open discovery and/or extend the non-dispositive motion filing deadline so that he may identify the Doe Defendants and/or to seek further discovery from the Defendants who have appeared in this action is **denied**; and it is further

**ORDERED**, that Defendants' counsel shall disclose the legal names and business addresses of Nurse Powell/Powers and the Superintendent of Upstate Correctional Facility[5] to Plaintiff within **<u>ten (10) days</u>** from the filing date of this Order, and also file that written notification with this Court; and it is further

**ORDERED**, that within thirty (30) days of receipt of the identities of Nurse Powell/Powers and the Superintendent, Plaintiff shall file an amended complaint, which shall supersede and replace *in toto* the complaint filed herein; and it is further

**ORDERED**, that upon the filing of the amended complaint, the Clerk is directed to substitute the proper identities of Nurse Powell/Powers and Superintendent of Upstate Correctional Facility; and it is further

**ORDERED**, that Plaintiff provide the Court with sufficient copies of his amended complaint and completed USM-285 form for service on the newly identified Defendants; and it is further

**ORDERED**, that upon the filing of the amended complaint, the Clerk issue an amended

---

[5] Defendants shall provide the name of the individual who was Superintendent of Upstate Correctional Facility during the relevant time frame set forth in the original Complaint.

summons naming the newly identified Defendants herein and forward it, along with copies of the amended complaint, to the United States Marshal for service upon the newly identified Defendants; and it is further

**ORDERED**, that in addition to submitting the amended complaint to the Court for filing, Plaintiff shall also serve a copy of the amended complaint on opposing counsel for any Defendant that has already appeared in this action; and it is further

**ORDERED**, that a formal response to Plaintiff's amended complaint be filed by the new Defendants or their counsel as provided for in Rule 12 of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that a new, abbreviated scheduling order shall be issued once the newly named Defendants have responded to the claims in the amended complaint; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Date:   June 14, 2007
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge